**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ABDEL FATTAH,

    Petitioner,

        v.

PENNSYLVANIA BOARD of PROBATION
& PAROLE, et al.,

    Respondents.

CIVIL ACTION NO. 3:11-985

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## <u>MEMORANDUM ORDER</u>

Presently before the Court is the above captioned matter which has been remanded by the Third Circuit solely for a determination as to the issuance of a certificate of appealability ("COA").  In my March 27, 2012 Order (Doc. 31), I adopted Magistrate Judge Blewitt's Report and Recommendation ("R & R") dismissing Petitioner's habeas petition. However, in my Order, I failed to address the issue of the COA.  For the reasons set forth in the March 27, 2011 Memorandum (Doc. 30), reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong.  As such, the COA will not issue.

Petitioner is proceeding in this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Petitioner is currently confined at SCI-Rockview for various crimes with a maximum original sentence date set to expire on July 25, 2013. (Doc. 19.)

On August 22, 2011, Magistrate Judge Blewitt issued a R & R recommending Petitioner's Petition for Writ of Habeas Corpus be denied. (Doc. 25.)  According to Magistrate Judge Blewitt, Petitioner's procedural and substantive due process rights were not violated when Petitioner's executed parole was rescinded. (Doc. 25.)  In an Order dated March 27, 2011, I adopted Magistrate Judge Blewitt's R & R. (Doc. 31.)

Petitioner filed a Notice of Appeal on April 2, 2012. (Doc. 32.)  Subsequently, in an Order filed April 5, 2012, the Third Circuit directed the Court to issue a COA or state reasons why a COA should not issue. (Doc. 34.**)**

When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (discussing 28 U.S.C. § 2253). The prisoner must first obtain a COA in order for an appeal to appear before the court of appeals. *Id.*

As to the issuance of the COA, the Third Circuit Local Appellate Rule 22.2 provides the following:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

Third Circuit LAR 22.2. (emphasis added).

To be issued a COA, the petitioner must satisfy the requirements of *§ 2253* by making a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)(2)). It is not necessary for a petitioner to establish "that he will prevail." *Miller-El*, 537 U.S. at 323. Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As set forth in the Court's March 27, 2012 Memorandum (Doc. 30), Petitioner was not denied the procedural due process requirements mandated by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. E. 2d 484 (1972), prior to the rescission of his parole. In particular, Petitioner was provided with:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to

2

present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id*. at 489.  Thus, reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong.

Furthermore, Petitioner fails to set forth a viable substantive due process claim based on the rescission of Petitioner's executed parole.  Specifically, "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 f.3d 480, 487 (3d Cir. 2001).  Thus, the relevant level of arbitrariness for a court to find a substantive due process violation requires "not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferen[t].'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002).  Because Petitioner fails to set forth sufficient evidence to demonstrate that the decision to rescind his executed parole was unreasonable, let alone "conscience shocking," reasonable jurists would not find the Court's resolution of Petitioner's substantive due process claim debatable or wrong.  As such, a COA will not issue.

## ORDER

**NOW** this 11th day of April, 2012, **IT IS HEREBY ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

3